UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LUCIO R.C.A.,

      Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;
PAMELA BONDI, *Attorney General*;
TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;
DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; SHERIFF JOEL BROTT, *Sheriff of Sherburne County*;

      Respondents.

No. 26-cv-1441 (KMM/EMB)

**ORDER**

---

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus filed by Petitioner Lucio R.C.A. ("Lucio RCA" or "Petitioner"). (Dkt. 1.) For the reasons that follow, the petition is granted.

## BACKGROUND

Lucio RCA is a resident of Hudson, Wisconsin, and a citizen of Ecuador. (Dkt. 1 ¶ 13.) He has lived in the United States since January 12, 2024. (*Id.*) He entered the United States near Tecate, California, and was briefly detained by the Department of Homeland Security, after which he was released on his own recognizance under § 236(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a). (*Id.* ¶ 14.)

1

Agents from Immigration and Customs Enforcement (ICE) arrested Lucio RCA on December 26, 2025. (*Id.* ¶ 16.) He was not shown any type of warrant at the time of his arrest. (*Id.*) On February 10, 2026, an immigration judge ordered Petitioner's removal, but that order has not yet become final. (*Id.* ¶ 17.) Lucio RCA filed his habeas petition on February 15, 2026. At that time, he was held at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 22.)

On February 15, 2026, the Court issued an Order to Show Cause requiring Respondents to answer the petition by no later than 12:00 PM on February 18, 2026. (Dkt. 4 ¶ 1.) The OSC required respondents to do the following: certify the true cause and proper duration of Petitioner's confinement; provide affidavits and exhibits need to establish the lawfulness of Petitioner's detention; file a reasoned memorandum of law; explain Respondents view as to whether this matter is distinguishable from other recently filed cases where the Court has granted habeas relief; and submit evidence concerning Petitioner's allegation that he was not arrested based on any type of warrant. (*Id.* ¶¶ 1–2.) Respondents have not filed a response to the petition.

## ANALYSIS

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957,

2

965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision's mandatory-detention rule does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion.

The Court presumes that Respondents would raise similar arguments they have asserted in other recent habeas cases that are like this one, including noting that the Fifth Circuit recently agreed with the government's reading of § 1225(b)(2) in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026). The Court notes that the Seventh Circuit reached a different conclusion in *Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The government has also pointed out in other cases that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and in those other cases, the government has generally preserved their arguments for appeal. Here, of course, Respondents have not raised any of these arguments, but if they had, the Court would find them unpersuasive as it has in many other cases.

The Court further concludes that immediate release is the appropriate remedy. Respondents have not claimed to have a "warrant issued by the Attorney General"

supporting Petitioner's recent arrest, *see* 8 U.S.C. § 1226(a), nor has the government produced one to the Court. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quoting 8 U.S.C. § 1226(a)). The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a warrant supporting the applicability of § 1226(a) to Lucio RCA, nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Lucio RCA's Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.
2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.
3. The Court **ORDERS** Respondents to immediately release Lucio RCA **with no new conditions and no later than 5:00 p.m. on February 19, 2026**.
4. Upon Lucio RCA's release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 18, 2026         *s/Katherine M. Menendez*
                                Katherine M. Menendez
                                United States District Judge